RAWLS, Acting Chief Judge.
Appellant, C. W. C., Jr., appeals from an order adjudicating him to be a delinquent child and committing him to the Division of Youth Services. In the order of commitment, the trial court found appellant to be guilty of possessing a short-barreled rifle in violation of Florida Statute 790.221 and unlawfully operating a motor vehicle in violation of his restricted driver’s license.
Appellee concedes that the adjudication of delinquency cannot be predicated on the fact that appellant unlawfully operated a motor vehicle in violation of the restrictions imposed on his restricted driver’s license, because it was a juvenile traffic offense as defined in Florida Statute 39.-01(29). Thus, we are solely concerned with the sufficiency of the evidence to prove that appellant had knowing possession of the illegal firearm in the trunk of the motor vehicle.
At trial, a police officer testified that around 8:30 p. m. he observed appellant fail to stop at a stop sign. The police officer stopped appellant, checked his driver’s license, and found that appellant had a restricted driver’s license. He then asked appellant if he could search the vehicle, and appellant gave his consent. However, at this time, appellant did not have a key to the trunk. The police officer obtained a key to the trunk of the vehicle from another person who was not an occupant of the vehicle, but had walked up after observing appellant being stopped by the police officer. Upon searching the trunk, the police officer found a short-barreled rifle underneath a “heap” of clothes in the bottom of the trunk. The defense called to the stand a Mr. Simmons, the person who gave the key to the trunk to the police officer. Mr. Simmons testified that the key did not belong to him, however, when the police officer asked for a key to the trunk, he procured the key from a third person. Mr. Simmons further stated that the short-barreled rifle belonged to a Ronnie Cash, that he saw Cash put the rifle in the trunk, and that appellant was not present when Cash put the rifle in the trunk.
No testimony was adduced that the juvenile had any knowledge that the subject firearm was in the trunk of the vehicle that he was operating. The record, without contradiction, reveals that appellant did not have in his possession a key to the trunk of the vehicle and that same was furnished to the police officer by a third person who was not an occupant of same. It is our conclusion that the evidence is insufficient to sustain the adjudication of delinquency. Sindrich v. State, 322 So.2d 589 (Fla.App. 1st, 1975).
REVERSED.
MILLS and SMITH, JJ., concur.