BOOTH, Judge.
This cause is before us on appeal from the judgment of the Circuit Court, Duval County, dismissing the petition against a *355 juvenile charging delinquency based on operating a motor vehicle on a highway of the State of Florida without a valid license, contrary to Florida Statute § 322.03(1).
The question here is whether a juvenile who operates a motor vehicle without a valid driver’s license can be prosecuted under (1) Florida Statute § 322.03(1),[1] a misdemeanor triable in the Circuit Court, Juvenile Division, or (2) Florida Statutes § 316.-625(2)[2] (a traffic offense triable in the County Court, Traffic Division, unless jurisdiction is waived). The State contends that it has the option to prosecute under either statute, and in this case elected to prosecute under § 322.03(1).
The trial court ruled that it was without jurisdiction to entertain the petition or to adjudicate the child delinquent on the charge, holding:
“This Court finds that Section 39.02, Florida Statutes, (1975) grants to the Circuit Court as pertains to juveniles original jurisdiction of procedures in which a child is alleged to be dependent or delinquent and jurisdiction in cases involving juvenile traffic offenses only if the Court having jurisdiction over traffic offenses waives jurisdiction to the Juvenile Court. The Court further finds that there was no relinquishment of jurisdiction from the County Court to the Circuit Court in the case sub judice.
******
The Court having considered the aforesaid [Florida Statutes §§ 39.01(25); 39.02; 316.625, 316.045 (renumbered 316.630); 322.16; 322.39] and in addition thereto having considered the District Court Of Appeal, First District, Case #AA-373, in the case of C. W. G., Jr. v. State Of Florida, 334 So.2d 275, wherein, among other matters, it is provided as follows:
‘Operation of a motor vehicle in violation of restrictions imposed on juvenile’s restricted license was a juvenile traffic offense and, hence, would not support adjudication of delinquency. West’s F.S.A. § 39.01(29).’
The Court having considered the aforesaid and finding that the District Court considered a restriction imposed on a juvenile’s restricted license was a juvenile traffic offense and would not support adjudication of delinquency, this Court finds that the failure to have a driver’s license by a juvenile would be in the same category and, upon consideration thereof, it is therefore
ORDERED AND ADJUDGED:
That the above-entitled cause be and the same is hereby dismissed.”
The operation of a motor vehicle without a license is proscribed under both Chapter 316 as a traffic offense and Chapter 322 as a misdemeanor. In the case of a juvenile, however, the Legislature has indicated its intent to place jurisdiction in the traffic court as to all traffic offenses involving juveniles other than those enumerated in Florida Statute § 39.01(25), which provides as follows:
“ ‘Juvenile traffic offense’ means a violation by a child of a state law or local ordinance governing the use of a motor vehicle as set out in chapter 316 or ordinances supplemental thereto with the following exceptions defined therein:
(a) Fleeing or attempting to elude a police officer;
(b) Leaving the scene of an accident involving death or personal injuries; or
(c) Driving while under the influence of alcoholic beverages, narcotic drugs, barbiturates, or other stimulants.
The offenses listed in paragraphs (a), (b), and (c) shall be considered acts of delinquency.”
The offense charged in this case, driving without valid license, is not one of those *356 enumerated in the above-quoted statute, and therefore is a “juvenile traffic offense” which does not constitute an act of delinquency. Such an offense is triable in the traffic court unless jurisdiction is waived, which was not done in this case. Florida Statute §§ 39.01(10), 39.02(1).
In reaching this decision, we are not unmindful of the limitation of Florida Statute § 39.01(25), supra, to offenses under Chapter 316. In the case of the juvenile, however, we hold that the status of the offense of driving without a license is determined by the inclusion of that offense in Chapter 316. This is in keeping with the legislative intent with respect to juvenile traffic offenders and allows determination by the county judge, sitting as the traffic court, rather than prosecuting officials, as to whether the violation be treated as a juvenile traffic offense or, on waiver of jurisdiction to Circuit Court, a potential act of delinquency.
Accordingly, the judgment below is AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.

. § 322.03(1): “No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator or chauffeur under the provisions of this chapter . . . ”

. § 316.625(2): “No person shall drive a motor vehicle upon the streets or highways of this state unless such person has a valid operator’s license issued by this state or such operator’s or chauffeur’s license as is required of the person under the laws of the state.”