ENGLAND, Justice.
By direct appeal from the county court for Broward County, the state asks us to reverse an order dismissing an information against G.D.M., a juvenile, in which the trial judge found that section 39.01, Florida Statutes (1979), is:
violative of due process of law in failing to exclude from the definition of “juvenile traffic offense”, [s/c] reckless driving, pursuant to Florida Statute 316.192, thereby unlawfully depriving the juvenile court of jurisdiction of that offense, in contravention to the purposes of the juvenile court set forth in Florida Statute 39.001... .*
*1018 An order clarifying the original order of dismissal also recites that the statute violates substantive due process and equal protection of the laws under the federal and state constitutions.
The trial court’s order and G.D. M.’s arguments here are premised on a right to treatment as a juvenile under Florida’s juvenile justice laws. That premise is erroneous. The legislature has absolute discretion to determine whether an individual charged with a particular crime is entitled to the benefit of the juvenile justice system. State v. Cain, 381 So.2d 1361 (Fla.1980); Johnson v. State, 314 So.2d 573 (Fla.1975). Neither substantive due process nor equal protection are denied G.D.M. by the legislature’s decision to include or exclude a particular traffic offense within the jurisdiction of the juvenile court.
The order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.

 Section 39.02, Florida Statutes (1979), provides in relevant part that the juvenile court shall have jurisdiction of all traffic offenses expressly excluded from the definition of “juvenile traffic offense,” section 39.01(21)(a)-(e), Florida Statutes (1979). Thus, by not excluding “reckless driving” in violation of section 316.-192, Florida Statutes (1979), from the definition of “juvenile traffic offense,” the legislature has decided, albeit in a roundabout fashion, to leave intact the jurisdiction of that offense to the county court.