PER CURIAM.
The state brings this petition for writ of certiorari to review an appellate decision of *262 the circuit court reversing and remanding for resentencing. Respondent was convicted in county court of reckless driving and sentenced “to custody of the Juvenile Detention Center for a period of thirty-seven (37) days.” He appealed to circuit court. The circuit court determined that section 316.655, Florida Statutes (1981), did not permit such a sentence. That statute reads, in pertinent part, as follows:
316.655 Penalties.—
(4) Any person convicted of a violation of ... s. 316.192 [reckless driving], shall be punished as specifically provided in that section. If the court finds that a minor committed the offense, the court may impose one or more of the following sanctions in lieu of the sanctions provided under such section:

(f) The court may impose a curfew or other restriction on the liberty of the minor for a period not to exceed 6 months.
However, under no circumstances shall a minor be placed in the same cell as an adult. The receiving facility shall have adequate staff to supervise and monitor the minor’s activities at all times. Nothing in this paragraph shall prohibit the placing of two or more minors in the same cell.
We would agree with the circuit judge that section 316.655(4)(f) does not provide for incarceration. However, a reading of the statute in context clearly shows that subsection (4)(f) is only an alternative which the court may impose in lieu of incarceration.
Therefore, this petition for writ of certio-rari is granted and the appellate decision of the circuit court is vacated and the cause remanded for proceedings consistent herewith.
CERTIORARI GRANTED.
HOBSON, A.C.J., and RYDER and SCHOONOVER, JJ., concur.