HOBSON, Judge.
David Lee Hayes appeals the denial of a motion to dismiss an information. We affirm.
The state filed an information charging appellant with escape from a juvenile detention center, a third-degree felony. Appellant filed a motion to dismiss the information, attacking the constitutionality of section 39.04(2)(e)4, Florida Statutes (1981). The trial court denied the motion. Appellant subsequently pled no contest but reserved his right to appeal the denial of his motion. The court thereupon adjudicated him guilty and sentenced him.
Our state supreme court held section 39.-04(2)(e)4, Florida Statutes (Supp.1978), constitutional in State v. Cain, 381 So.2d 1361 (Fla.1980). The 1978 statute which the court dealt with in Cain allowed a child charged with a misdemeanor or a felony to have the case transferred for adjudicatory proceedings as a child if he had not previously committed two delinquent acts. Appellant contends that Cain is not controlling here since section 39.04(2)(e)4, as amended by section 6, chapter 81-218, Laws of Florida, no longer permits a child charged with a felony to have the case transferred to the juvenile court even though he has not previously committed two delinquent acts.
Section 39.04(2)(e)4, Florida Statutes (1981) provides in relevant part:
(e) The state attorney shall in all cases have the right to take action, regardless of the action or lack of action of the intake officer, and shall determine the action which is in the best interest of the public and the child. The state attorney may:

4.With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of a child charged *635 with a misdemeanor, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony;
.... (Emphasis added)
A juvenile does not have an inherent or constitutional right to treatment as a juvenile delinquent instead of as a criminal offender. Cain. A juvenile has the right to treatment as a juvenile delinquent only to the extent provided by our legislature. Id.; Art. I, § 15(b), Fla. Const. We believe that the legislature acted reasonably in amending section 39.04(2)(e)4 by eliminating the ability of a child charged with a felony to have his case transferred for adjudicatory proceedings as a child.
Accordingly, we affirm the trial court’s denial of appellant’s motion to dismiss the information.
AFFIRMED.
OTT, C.J., and SCHEB, J., concur.