# STATE OF FLORIDA v. SCHELL

## Case No. 85TT7553

County Court, Lee County

June 3, 1985

### APPEARANCES OF COUNSEL

**Melville A. Brinson,** Assistant State Attorney, for plaintiff.

**Mark A. Cooper,** Assistant Public Defender, for defendant.

## OPINION OF THE COURT

RADFORD R. STURGIS, County Judge.

Jeremy Russell Schell, a minor, was convicted before this Court of a violation of Section 316.1935, Florida Statutes, a criminal offense. This Court reserved jurisdiction and stayed a portion of its probation order requiring aforesaid minor to serve five (5) consecutive weekends in the Lee County jail. This Court, having made the findings set forth within this Order, it is therefore:

ORDERED AND ADJUDGED that Jeremy Russell Schell shall serve five (5) consecutive weekends in the Lee County jail as a condition of his probation. The Lee County Sheriff is hereby ordered to

receive Mr. Schell into his jail facility. It is further ordered that Mr. Schell shall not be placed in the same cell with any adult and that the Sheriff is directed to insure that Mr. Schell is properly supervised and monitored at all times. Nothing in this Order prohibits the placing of two or more minors in the same cell.

DONE AND ORDERED at Fort Myers, Lee County, Florida on this 3rd day of June, 1985

## FINDINGS

### ISSUE

I. DOES CHAPTER 316.655(4) FLORIDA STATUTES, AUTHORIZE A COUNTY JUDGE TO SENTENCE A MINOR TO THE COUNTY JAIL AFTER CONVICTION OF CHAPTER 316.1935?

The Defendant, Jeremy Russell Schell, a seventeen year old minor, was charged and convicted of a violation of Section 316.1935 F.S., Fleeing or Attempting to Elude a Police Officer. The County Court Judge placed the Defendant on probation and as a special condition ordered the Defendant to serve five (5) consecutive weekends in the Lee County Jail. The Lee County Sheriff's Department, the local County jailing authority, refused admission of the minor without a Circuit Judge's order. In essence, the Sheriff's Department refused to recognize the authority of a County Court Judge to order a minor to jail after conviction for a designated criminal traffic offense (non-felony). This Court stayed imposition of that portion of its probation order placing the minor in jail until the following findings were made.

### JURISDICTION

The County Court has original jurisdiction over minors for all traffic offenses except those punishable as felonies which remain under the jurisdiction of the Circuit Court. Article 5, Section 6(b), Florida Constitution, Sections 26.012(1)(c), F.S., 34.01(1)(a) and (b), F.S., and 316.635, F.S.

"316.635 Courts having jurisdiction over traffic violations; powers relating to custody and detention of minors.—

(1) A court which has jurisdiction over traffic violations shall have original jurisdiction in the case of any minor who is alleged to have committed a violation of law or of a county or municipal ordinance pertaining to the operation of a motor vehicle; however, any traffic offense that is punishable by law as a felony shall be under the jurisdiction of the circuit court."

## CASE LAW

A review of the case law within this State reveals that the Legislature has the absolute discretion to determine whether a minor is treated as a juvenile delinquent or as an adult. The following cases support this proposition:

In the case of *Hayes v. State*, 425 So.2d 634 (Fla. 2d DCA 1983) the Court held that:

"A juvenile does not have an inherent or constitutional right to treatment as a juvenile delinquent instead of as a criminal offender. *State v. Cain*, 381 So.2d 1361 (Fla. 1980). A juvenile has the right to treatment as a juvenile delinquent only to the extent provided by our Legislature."

(See also *Lisak v. State*, 433 So.2d at page 489 (Fla. 1983)). And, in *State v. C.B.K.*, 362 So.2d 354 (Fla. 1st DCA 1978) the Court held that

"In the case of a juvenile, however, the Legislature has indicated its intent to place jurisdiction in the traffic court as to all traffic offenses involving juveniles other than those enumerated in Florida Statute Section 39.01(25). . . ."

[39.01(25) offenses were moved out of Chapter 39 and into Chapter 316 in 1981.]

Moreover, in *State v. G.D.M.*, 394 So.2d 1017 (Fla. 1981), the Florida Supreme Court stated:

"The Legislature has absolute discretion to determine whether an individual charged with a particular crime is entitled to the benefit of the juvenile justice system. . . Neither substantive due process nor equal protection are denied G.D.M. by the Legislature's decision to include or exclude a particular traffic offense within the jurisdiction of the traffic court."

## STATUTORY HISTORY

A review of statutory changes regarding the treatment of minors charged with traffic offenses reveals a struggle by the Legislature to find the best solution. The interplay between Chapters 39 and 316 was most complex immediately prior to the massive legislative revision of 1981.

Prior to 1981, the County Court had jurisdiction over juvenile traffic offenses, except for a specified list in Section 316.630(1).

"316.630 Juvenile traffic offenses; jurisdiction; penalties; transfer and waiver provisions.—

(1) "Juvenile traffic offense" means a violation by a child of a state law or local ordinance pertaining to the operation of a motor vehicle; however, the following offenses shall not be considered juvenile traffic offenses, but shall be considered delinquent acts for the purposes of this chapter:

(a) Fleeing or attempting to elude a law enforcement officer or failing or refusing to comply with any lawful order or direction of any police officer or member of the fire department, in violation of 316.072(3).

(b) Leaving the scene of a collision or an accident involving death or personal injuries or with an unattended vehicle.

(c) Driving while under the influence of alcoholic beverages, narcotic drugs; barbiturates, or other stimulants in violation of 316.193.

(d) Driving without a restricted operator's license if under the age of 16 years.

(e) Driving without a valid operator's license or while the license is suspended or revoked.                    *REPEALED 1981*

These specified offenses were labeled by the Legislature as delinquent acts; thus, within the jurisdiction of the Circuit Court. Prior to 1981, Section 316.655, F.S., made no reference to minors and Section 316.630, F.S., prescribed punishment which did not specifically provide for placing a minor in jail.

## *POST 1981 REVISION*

The 1981 Legislature changed these statutes, regarding juveniles charged with traffic violations, to substantially their current form.

TRAFFIC OFFENSES: "With the apparent exception of felonies, all traffic offenses have been removed by the Legislature from the jurisdiction of the juvenile court. [55] Juvenile traffic offenses will no longer be subject to transfer from county court to juvenile circuit court. The Legislature has not provided that the court or original and exclusive jurisdiction for a traffic offense, usually county court, will hear the case. [56] The Legislature has also enacted new laws concerning the apprehension and sentencing of juvenile traffic offenders. [57]"

55

Ch. 81-218, Sections 1, 2, 14, 1981 Fla. Laws (to be codified at Fla. Stat. Section 39.01(8), 39.02, 316.635). Formerly, four serious traffic

offenses could be transferred to juvenile court: fleeing a law enforcement officer, leaving the scene of an accident, involving death or personal injury, leaving the scene of an accident involving property damage, and driving under the influence. Ch. 80-290, Section 2, 1980 Fla. Laws 1257.

56

Ch. 81-218, Section 14, 1981 Fla. Laws (to be codified at Fla. Stat. Section 316.635).

57

Id.; Ch. 81-218, Section 15, 1981 Fla. Laws (to be codified at Fla. Stat. Section 316.655).

"Juvenile Justice: The Legislature revisits Chapter 39". R.W. Evans, Fla. Bar Journal 11/81 Vol 55/ p. 697 at 700.

With the exception of felony traffic offenses, these 1981 changes in the law relating to juvenile traffic violations effectively removed these violations from the protective mantle of Chapter 39, and squarely placed a minor so charged under the jurisdiction of the County Court.

## SANCTIONS

Back in 1974, the Florida Legislature decriminalized most of Chapter 316., Traffic Offenses, in Chapter 74-377. However, Section 316.1935 F.S., was one of the criminal traffic offenses specifically not decriminalized [see 318.17 F.S. and 316.655(4) F.S.].

The punishment provided under 316.1935 F.S. for a violation of that section . . ." *any person* violating this subsection *shall*, upon conviction, be punished by imprisonment in the County jail for a period not to exceed 1 year, or by fine not to exceed $1,000. or both such fine and imprisonment." (emphasis supplied)

Chapter 316.655(4) F.S. provides that *ANY PERSON* convicted of a violation of . . . 316.1935 F.S. *SHALL* be punished as specifically provided in that section. Furthermore, the Legislature provided therein. . ." If the Court finds that a *minor* committed the offense, the Court *MAY* IMPOSE ONE OR MORE OF THE FOLLOWING SANCTIONS *IN LIEU* of the sanctions provided under such section (316.1935 F.S.)." (emphasis added)

"316.655 Penalties.—

(1) A violation of any of the provisions of this chapter, except criminal offenses enumerated in subsection (4), shall be deemed an infraction, as defined in s. 318.13(3).

72

(2) Infractions of this chapter which do not result in a hearing shall be subject to the civil penalties provided in s.318.18.

(3) Infractions of this chapter which do result in a hearing shall be subject to a civil penalty not to exceed $500. For an infraction resulting in a hearing, a person may be required to attend a driver improvement school in lieu of, or in addition to, the civil penalty imposed.

(4) Any person convicted of a violation of s. 316.027, s. 316.061, s. 316.067, s. 316.072, s. 316.192, s. 316.193, or s. 316.1935 shall be punished as specifically provided in that section. If the court finds that a minor committed the offense, the court may impose one or more of the following sanctions in lieu of the sanctions provided under such section:

(a) The court may reprimand or counsel the minor and his parents or guardian.

(b) The court may suspend or revoke the minor's privilege to drive under stated conditions and limitations for a period not to exceed that authorized for a like suspension or revocation of an adult's license for like offense.

(c) The court may require the minor to attend, for a reasonable period, a traffic school conducted by a public authority.

(d) The court may order the minor to remit to the general fund of the local governmental body a sum not exceeding the maximum fine applicable to an adult for a like offense.

(e) The court may order the minor to participate in public service or a community work project for a minimum number of hours. A minor who participates in such a work program shall be considered an employee of the state for the purposes of chapter 440.

(f) The court may impose a curfew or other restriction on the liberty of the minor for a period not to exceed 6 months.

However, under no circumstances shall a minor be placed in the same cell as an adult. The receiving facility shall have adequate staff to supervise and monitor the minor's activities at all times. Nothing in this paragraph shall prohibit the placing of two or more minors in the same cell.

History.—s. 1, Ch. 71-135; s. 2, Ch 74-377; ss. 1,4, Ch. 76-31; s. 1, Ch. 77-174; s. 3, Ch. 77-456; s. 15, Ch. 81-218; s.6, Ch. 83-218. Note.—Former s. 316.026."

The legislature has broadened the discretionary power of the County

Court in dealing with minors regarding traffic offenses (see 316.636 F.S. and 316.655 F.S.). Section 316.630 was repealed and replaced in part by amendments to Section 316.655(4). The language of the post 1981 F.S. Section 316.655(4) clearly gives the County Court Judge the discretion and power to impose "juvenile" sanctions for certain criminal traffic offenses (including eluding a police officer). The statute just as clearly and unequivocally states that the imposition of such juvenile sanctions is *"in lieu of"* the penalty prescribed in the violation statute. Thus, a County Court Judge has the power and discretion to impose adult statutory sanctions on a minor.

Each of the "violation" statutes under Section 316.655(4) specifies that if a person is convicted of the offense charged, the Court *SHALL* punish the offender by a term of imprisonment, a fine or both. The first sentence of subsection (4) of 316.655 reiterates this mandatory language in relation to these specific violations. Such language, standing alone, gives the Court *NO* discretion to impose a different sentence for a minor convicted of one of these offenses, even if the Judge feels that a sentence other than imprisonment or fine would be more appropriate. However, 316.655(4) (a-f) clearly gives the County Court discretion similar to that possessed under the pre 1981 statute, while keeping virtually all traffic offenses under the aegis of the County Court. These subsections provide that the County Judge may impose a Chapter 39 type of sanction, which would otherwise be beyond his statutory powers.

While the statute gives the Court the power and discretion to impose sanctions tailored for minors, it also leaves intact the Court's power to impose the sanctions specified within each violation statute that is enumerated in subsection (4). As previously mentioned, such sanctions include imprisonment.

There is a further indication that imprisonment was specifically contemplated as an appropriate sanction for a minor convicted of 316.1935 F.S. The plain language of 316.655(4), regarding the placing of a minor in the same cell as an adult offender could only be referring to a facility for the incarceration of adults, such as the County jail. (There would be no adult offender cells in juvenile detention centers.)

The Legislature has historically treated traffic offenses differently from other statutory violations committed by minors. Under the current system, the Circuit Court, sitting as a juvenile court, has no jurisdiction over traffic offenses except felonies.

The changes in the statutes making it possible to charge, try and sentence a minor as an adult evidence a legislative acknowledgement

that for some minors and some offenses, the provisions of Chapter 39 do not apply.

The Second District Court of Appeal in *State v. Armstrong*, 428 So.2d 261 (Fla. 2d DCA 1982) held that:

"Section 316.655(4)(f) does not provide for incarceration. However, a reading of the statute in context clearly shows that subsection (4)(f) is only an alternative which the Court may impose in lieu of incarceration."

Under the laws of Florida, driving is a privilege, not a right, even for adults. When a minor applies for the privilege to drive, he agrees to abide by the Uniform Traffic Laws of Florida. Driving is an adult activity which the minor voluntarily, and all too eagerly, engages in. When a minor engages in such an adult activity, he assumes adult responsibilities—which include abiding by the law and being punished for violations accordingly. A motor vehicle is a deadly instrumentality which is equally dangerous (if not more so) in the hands (under the control of) of a minor as of an adult.

For driving purposes, therefore, minors are treated virtually as adults by society, by the Legislature and within the discretion of the County Court.

## DECISION

This Court specifically rules that a County Judge has the power and discretion to incarcerate a minor upon conviction of a violation of Section 316.1935 F.S., a criminal offense.

## PUBLIC IMPORTANCE

Minors appear in County Traffic Court throughout the State of Florida. Every County Judge within this State has or will face the issue of incarceration of a minor on a criminal traffic offense. Jailing facilities need to know the current status of the law to prevent the difficulties which this Court encountered when attempting to place the above minor in jail.

The Legislature has made significant changes in the treatment of minor traffic offenders and to this Court's knowledge, no definitive case in the State of Florida deals with a minor who was incarcerated on a criminal traffic offense.

This Court concludes that the issue is of great public importance, will effect the uniform administration of justice, and has state-wide application.

Therefore, this Court certifies the following Issue for consideration by the Second District Court of Appeal:

DOES A COUNTY COURT JUDGE HAVE THE POWER AND DISCRETION TO INCARCERATE A MINOR FOR A VIOLATION OF SECTION 316.1935 F.S.