The Honorable William N. Meggs State Attorney Second Judicial Circuit Suite 500, First Florida Bank Building Tallahassee, Florida 32301
Dear Mr. Meggs:
This is in response to your request for an opinion on substantially the following questions:
 1. WHAT COURT HAS JURISDICTION TO HEAR A CASE IN WHICH A JUVENILE IS CHARGED WITH DRIVING WHILE INTOXICATED?
 2. MAY THE APPROPRIATE COURT WITHHOLD ADJUDICATION OF GUILT WHEN A JUVENILE IS CONVICTED OF DRIVING WHILE INTOXICATED?
Your inquiry states that your questions are presently the subject of some dispute among local judicial officials, and you have further informed this office that, in light of unsuccessful informal efforts at resolution of the issues involved, the Chief Judge for the Second Judicial Circuit asked you to request an Attorney General's Opinion on the matter. Moreover, you have informed this office that the issues presented have not yet been resolved by any presumptively valid judicial determination in the Second Judicial Circuit.
QUESTION ONE
In AGO 74-136, this office concluded that, under s. 39.01(29), F.S. 1973, driving while under the influence of alcoholic beverages was considered an act of delinquency and, therefore, the circuit court as the court which pursuant to s. 39.02(1), F.S. 1973, had exclusive original jurisdiction of proceedings in which a child is alleged to be a delinquent, had jurisdiction to hear proceedings for driver's license suspension upon the refusal of a juvenile to take a breathalyzer test. See also, AGO 73-232, concluding that traffic courts may waive jurisdiction over a juvenile traffic offender and transfer the case to the juvenile court under s. 316.045(4), F.S. (1972 Supp.), which court may then proceed in all respects as it would with regard to a delinquent child. Section 39.02(1), F.S. 1973, which granted to the circuit court original jurisdiction of proceedings in which a child was alleged to be delinquent, further provided that the circuit court had jurisdiction in cases involving "juvenile traffic offenses" only when the court having jurisdiction over traffic offenses waived jurisdiction and certified the case to the circuit court, which case was to be heard therein as a delinquency proceeding. See, s. 39.01(29), F.S. 1973, which excepted driving while under the influence of alcoholic beverages, among other offenses, from the statutory definition of "juvenile traffic offense" and declared that the excepted offenses were to be considered acts of delinquency. Finally, s. 316.045(4), F.S. (1972 Supp.), operated to permit the court having jurisdiction over traffic offenses to waive jurisdiction and transfer a case involving a child to the juvenile court under certain circumstances. See, State v. C.B.K.,362 So.2d 354 (1 D.C.A. Fla., 1978).
Since the opinions cited above were issued, the Legislature has enacted numerous changes with respect to violations of Ch. 316, F.S., and specifically with reference to proceedings in which juveniles are charged with traffic violations or criminal traffic offenses. It appears that the enactment of Ch. 81-218, Laws of Florida, amending certain statutory provisions relating to juveniles charged with violations of or offenses prohibited under Ch. 316, is controlling as to your first question.
As amended by Ch. 81-218, Laws of Florida, s. 39.02(1), F.S., now provides that "[t]he circuit court shall have exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law." Section 2 of Ch. 81-218, supra, expressly deleted the second sentence of s. 39.02(1), F.S. (1980 Supp.), granting jurisdiction over certain juvenile traffic offenses to the circuit court when the court having jurisdiction over traffic offenses waives jurisdiction and certifies the case to the circuit court. Moreover, s. 17 of Ch. 81-218 repealed s. 316.630, F.S. (1980 Supp.), the statutory successor to s. 316.045, F.S. (1972 Supp.), and further repealed the definition of "juvenile traffic offense" which operated to declare certain violations of Ch. 316, F.S., including driving under the influence of alcoholic beverages, to be acts of delinquency subject to circuit court jurisdiction pursuant to s. 39.02(1). Finally, s. 14 of Ch. 81-218 amended s. 316.635, F.S. 1979, such that present s. 316.635(1), F.S., now provides as follows:
 A court which has jurisdiction over traffic violations shall have original jurisdiction in the case of any minor who is alleged to have committed a violation of law or of a county or municipal ordinance pertaining to the operation of a motor vehicle; however, any traffic offense that is punishable by law as a felony shall be under the jurisdiction of the circuit court.
*2370 See, State v. G.D.M., 394 So.2d 1017 (Fla. 1981) (Legislature has absolute discretion to determine whether individual charged with particular crime is entitled to benefit of juvenile justice system). Cf., Nettleton v. Doughtie, 373 So.2d 667 (Fla. 1979), holding that county courts have jurisdiction to hear and adjudicate traffic infraction cases within the meaning and intent of Ch. 318, F.S.
Thus, to the extent that the Legislature has specifically and clearly provided that courts with jurisdiction over traffic violations shall have jurisdiction in the case of a minor alleged to have committed a violation of law pertaining to the operation of a motor vehicle and has further deleted those provisions of s. 39.02(1), F.S. (1980 Supp.), and s. 316.630, F.S. (1980 Supp.), which operated to authorize traffic courts to waive jurisdiction and certify certain juvenile traffic cases to the circuit court, I am of the view that a court which has jurisdiction over traffic violations has original jurisdiction in the case of any minor who is alleged to have violated the law prohibiting driving while intoxicated and may not waive such jurisdiction to the circuit court, unless such offense is punishable by law as a felony, in which case s. 316.635(1), F.S., operates to vest original jurisdiction in the circuit court. See, s. 316.1931, F.S., providing that the offense of driving while intoxicated may be punishable as a violation subject to the penalties specified in s.316.193, F.S.; as a misdemeanor of the first degree, punishable as provided in ss. 775.082 or 775.083, F.S.; or as a felony of the third degree, punishable as provided in ss. 775.082, 775.083, or775.084, F.S.; and may be further punishable as manslaughter (a felony), with the nature of the offense and range of authorized punishment dependent upon the circumstances of the crime charged, as provided in the statute. Cf., s. 316.193, F.S., providing that the offense of driving under the influence of alcoholic beverages is punishable as a violation and specifying a range of authorized penalties therefor, again dependent on the circumstances of the offense with respect to any prior convictions therefor.
Finally, although s. 39.01(8), F.S., provides that a child who commits a misdemeanor is a "child who has committed a delinquent act," and s. 39.02(1), F.S., provides for exclusive original jurisdiction in the circuit court of proceedings "in which a child is alleged to have committed a delinquent act," I am of the view that a misdemeanor charge of driving while intoxicated against a juvenile should nevertheless be heard in a court having jurisdiction over traffic violations, i.e., the county court. See, Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966); State v. Seminole County, 67 So.2d 244 (Fla. 1953) (specific grants by Legislature limit general grants). See also, State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965); Johnson v. State,27 So.2d 276 (Fla. 1946) (last expression of legislative will is the law).
Accordingly, it is my opinion that the county court, as the court having jurisdiction over traffic violations, is authorized by law to exercise jurisdiction to hear a case in which a juvenile is charged with driving while intoxicated, unless such offense is punishable by law as a felony.
QUESTION TWO
Section 316.656(1), F.S., provides in pertinent part that, "[n]otwithstanding the provisions of s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of s. 316.193 or s. 316.1931. . . ." (e.s.) This requirement that offenders who have been proven guilty be so adjudged appears to be part of the legislative scheme to discourage drunken driving by authorizing progressively harsher sentences for multiple offenders. See, Wooten v. State,332 So.2d 15, 17 (Fla. 1976). While s. 316.655(4), F.S., operates to authorize a court to impose one or more of the sanctions enumerated therein in lieu of penalties provided in ss. 316.193
and 316.1931, F.S., when the court finds that a minor committed the offense, cf., State v. Armstrong, 428 So.2d 261 (2 D.C.A.Fla., 1982), it does not appear that any statutory provision of which I am aware or to which my attention has been directed operates to authorize a court to withhold adjudication of guilt when a juvenile is convicted of driving while intoxicated in violation of s. 316.1931, except possibly where a felony charge of driving while intoxicated against a juvenile is heard by the circuit court acting as the juvenile court pursuant to Ch. 39, F.S. See, s. 39.09(3)(d), F.S., authorizing the juvenile court which finds that a child has committed a delinquent act to determine "the suitability or nonsuitability for adjudication and commitment of the child to the [D]epartment [of Health and Rehabilitative Services]." And see., s. 39.09(3)(f), F.S. (determination of community-based sanctions in the absence of adjudication and commitment). Cf., s. 39.10(4), F.S. (adjudication pursuant to Ch. 39 that child has committed a delinquent act shall not be deemed a conviction, except that adjudication that juvenile has committed a delinquent act, including a violation of Ch. 316, F.S., shall constitute a "conviction" for purposes of Ch. 322, F.S.).
However, in view of the legislative scheme evinced by s.316.656(1) and in further view of the rule that a specific statutory enactment relating to a particular subject matter controls over a more general grant of power, I am of the view that the legislative determination that "no court may suspend, defer, or withhold adjudication of guilt . . . for any violation of . . . s. 316.1931" (e.s.) operates to prohibit any court, including the circuit court acting as the juvenile court pursuant to Ch. 39, from withholding adjudication of guilt when a juvenile is convicted of driving while intoxicated. See also, 3A C.J.S. Any, p. 903 (in ordinary sense, "any" is comprehensive, broadly inclusive, and all embracing). Cf., Wooten v. State, supra (in view of Rule 6.290, Fla.R.Traf.Ct., Supreme Court would not decide whether statute forbidding withholding of adjudication was unconstitutional legislative encroachment on judicial branch power).
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that:
 (1) The county court, as the court having jurisdiction over traffic violations, is authorized by law to exercise jurisdiction to hear a case in which a juvenile is charged with driving while intoxicated, unless such offense is punishable by law as a felony.
 (2) Pursuant to s. 316.656, F.S., a court is not authorized by law to withhold adjudication of guilt when a juvenile is convicted of driving while intoxicated.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General