450 So.2d 875 (1984)
FIRST SARASOTA SERVICE CORPORATION and Ramar Group Holdings, Inc., General Partners, D/B/a Plantation Associates, a Florida General Partnership, and Ramar Properties, Inc., a Florida Corporation, Appellants,
v.
David G. MILLER and Eleanor K. Miller, Husband and Wife; Richard Jordan; Douglas P. Brecher; Henry Hutchinson and Elizabeth M. Hutchinson, Husband and Wife; Paul E. Pluchino and Marjorie J. Pluchino, Husband and Wife; Paul E. Hansen; Gena M. King; and Lucie Saavedra, Appellees.
No. 83-1791.
District Court of Appeal of Florida, Second District.
May 4, 1984.
Rehearing Denied June 6, 1984.
*876 William E. Getzen and A. Lamar Matthews, Jr., of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellants.
W. Russell Snyder of Snyder & MaCris, and John J. Dulmer, Jr., of Dulmer & Tracy, Venice, for appellees.
SCHEB, Acting Chief Judge.
Appellants, the developer and escrow agent, challenge a summary final judgment awarding eight purchasers the return of their earnest money deposits under several preconstruction contracts for the purchase of condominium units. We reverse.
During November and December 1980, appellees signed separate agreements with Plantation Development Company for the purchase of eight condominium units. Each purchaser deposited ten percent of the purchase price as earnest money with Ramar Properties, Inc., the real estate broker for the project who also served as escrow agent. Subsequently, Plantation Development assigned its interest in the contracts to First Sarasota Service Corporation, who, in turn, assigned them to Plantation Associates, a Florida general partnership comprised of First Sarasota Service Corporation and Ramar Group Holdings, Inc.
In February and March 1982, counsel for the purchasers sent letters to the developer and escrow agent notifying them that the purchasers would not close on their contracts. Counsel cited Plantation Associates' failure to amend some condominium documents and to comply with certain filing requirements as well as the developer's plan to provide a substitute television antenna system for the project instead of cable television. On this basis the purchasers elected to rescind their contracts and demanded return of their deposits. The developer did not accept the purchasers' reasons as a valid basis for rescission of the contracts and, pursuant to the purchase agreements, set a closing date for each unit and notified the purchasers. After the purchasers failed to appear for closing, the escrow agent, pursuant to section 718.202(1)(b), Florida Statutes (1981), determined that the purchasers were in default and remitted their earnest money deposits to the developer.
The purchasers filed suit against the developer and escrow agent. In Count V of their second-amended complaint, they demanded return of their earnest money deposits, and attorneys' fees and costs. They claimed that the letters they sent to the escrow agent in February and March 1982 constituted notice of a dispute between them and the developer pursuant to section 718.202(1)(d). They further contended that the escrow agent's disbursement of funds and the developer's acceptance of those *877 funds were improper and entitled them to avoid their agreements pursuant to section 718.202(5).
The matter came before the court on the purchasers' motion for summary judgment as to Count V. The court found as a matter of law that the escrow agent and developer violated section 718.202(1)(d), since prior to the disbursement of funds to the developer, the purchasers had notified them that there was a dispute between the parties. The court further found that section 718.202(5) rendered the purchase agreements voidable and that the purchasers had properly avoided them. Finally, the court observed that it made no difference whether the purchasers defaulted by failing to appear at the scheduled closings or whether they would have prevailed on the merits of their complaint. The crucial factor, the court concluded, was that the deposit funds were disbursed and accepted after the escrow agent and developer were on notice of a dispute between the developer and the purchasers.
The trial court entered a summary final judgment requiring both defendants to refund the earnest money deposits which totaled $68,614.00, plus interest of $9,799.83, and assessed court costs in the amount of $243.50. From that judgment the defendants have taken this timely appeal.
We begin our analysis by reviewing the relevant statutory provisions of Chapter 718, the Florida Condominium Act. This act, passed by the legislature in 1976, is designed: (1) to give statutory recognition to the condominium form of ownership; and (2) to establish procedures for the creation, sale and operation of condominiums. § 718.102. Section 718.202 of the act details the rights and obligations of developers in respect to sale or reservation deposits accepted prior to closing. Specifically, subsection (1) concerns the mechanics of escrow transactions for deposits on preconstruction contracts and stipulates:
(a) If a buyer properly terminates the contract pursuant to its terms or pursuant to this chapter, the funds shall be paid to the buyer together with any interest earned.
(b) If the buyer defaults in the performance of his obligations under the contract of purchase and sale, the funds shall be paid to the developer together with any interest earned.
(c) If the contract does not provide for the payment of any interest earned on the escrowed funds, interest shall be paid to the developer at the closing of the transaction.
(d) If the funds of a buyer have not been previously disbursed in accordance with the provisions of this subsection, they may be disbursed to the developer by the escrow agent at the closing of the transaction, unless prior to the disbursement the escrow agent receives from the buyer written notice of a dispute between the buyer and developer.
If these provisions are not complied with, then section 718.202(5) makes the contract voidable by the purchaser. If the contract is voided, all deposit funds must be refunded with interest.
The defendants contend on appeal that the purchasers were in default and that section 718.202(1)(b) entitled the escrow agent to disburse the deposit funds to the developer. The purchasers, on the other hand, submit that their letters of February and March 1982 constituted "written notice of a dispute" under subsection (1)(d). Thus, they argue that section 718.202(5) entitled them to void their agreements.
This case devolves into an interpretation of subsections (1)(b) and (1)(d), an issue of first impression. Our role, of course, is to follow the plain meaning of the statute in light of the express legislative intent. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982). In doing so, we must apply the statute in a realistic, common sense manner that will preserve the basic contract rights of the parties while affording the purchasers the protection the legislature intended.
Of course, the cases are legion which hold that a trial judge must not enter *878 a summary judgment unless the movant is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). In this instance, we think the trial court was premature in entering summary judgment in favor of the purchasers. It was incumbent on the court to first determine whether the purchasers were in default under their contracts. If they were, the escrow agent was correct in paying the deposit over to the developer under subsection (1)(b). But since the escrow agent had prior written notice of a claim that there was a dispute between the purchasers and the developer, it made these disbursements at its peril. And if the purchasers were not in default, then the escrow agent's failure to retain the deposits would be a violation of subsection (1)(d) and would bring into play the purchasers' right to void their contracts under section 718.202(5). Thus, under the facts of this case, the crucial consideration is whether there was a default by the purchasers. That determination must be made by the trial court. Once made, the remaining procedures to be followed will be as outlined in the statute.
The obvious purpose of section 718.202 is to protect purchasers under preconstruction condominium contracts from loss of their deposits should the developer fail to perform its contractual obligations. Our holding preserves this intent while still affording the parties the right to determine whether or not a default occurred which would have permitted the matter to be resolved under subsection (1)(b).
Accordingly, we vacate the summary final judgment. On remand, the trial court must determine whether the evidence discloses that the purchasers were in default. If so, their deposits were properly forfeited and paid over to the developer, and the escrow agent acted properly under subsection (1)(b). If, on the other hand, the purchasers were not in default, then the escrow agent acted improperly because there is no question but that the developer and escrow agent received written notice of a claimed dispute. The escrow agent in such instance was required to retain the deposits under subsection (1)(d). In this latter instance the purchasers will be entitled to a return of their deposits plus interest pursuant to section 718.202(5).
CAMPBELL and SCHOONOVER, JJ., concur.