457 So.2d 519 (1984)
Lawrence PUGLIA, Appellant,
v.
DRINKS ON THE BEACH, INC., a Dissolved Florida Corporation, D/B/a Drinks On the Beach, Appellee.
No. 83-2475.
District Court of Appeal of Florida, Second District.
September 14, 1984.
Rehearing Denied October 17, 1984.
*520 John B. Cechman of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellant.
A. Douglas Grace, Jr. of Grace & Couse, P.A., Fort Myers, for appellee.
SCHOONOVER, Judge.
The appellant, Lawrence Puglia, has appealed from an order dismissing with prejudice one count of his second amended complaint and from a judgment on the pleadings in connection with another count of the complaint. We affirm in part and reverse in part.
In count I of his second amended complaint the appellant alleged that on October 14, 1981, the appellee, Drinks on the Beach, a dissolved Florida corporation d/b/a Drinks on the Beach, operated, managed, and controlled a business that was licensed to serve alcoholic beverages to the public. Appellant alleged that the appellee, through its agents and employees, served alcoholic beverages to the appellant as a business invitee. Appellant alleged that he was at that time eighteen years of age and was served the alcoholic beverages in violation of section 562.11, Florida Statutes (Supp. 1980). He further alleged that as a result of appellee's actions he became intoxicated, and this intoxication caused him, while attempting to drive home in a motor vehicle, to become involved in an accident that resulted in personal injuries.
In count II of his second amended complaint, the appellant alleged that appellee violated section 768.125, Florida Statutes (Supp. 1980), and as a result the appellant became intoxicated. This intoxication subsequently caused him to lose control of his motor vehicle and to suffer injuries in a one-car accident.
The trial court granted, with prejudice, the appellee's motion to dismiss count I of the second amended complaint on the grounds that Lawrence Puglia was not a minor and therefore was not a person intended to be protected by section 562.11. The trial court granted a judgment on the pleadings with regard to count II.
The trial court was correct in entering a judgment on the pleadings as to count II of the second amended complaint, and we, accordingly, affirm that ruling. See Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla. 1984); Armstrong v. Munford, Inc., 451 So.2d 480 (Fla. 1984). The trial court erred, however, in granting the motion to dismiss count I.
Section 562.11, which became effective October 1, 1980, provides in pertinent part as follows:
562.11 Selling, giving, or serving alcoholic beverages to persons under age 19 prohibited. 

*521 (1)(a) It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to a person under 19 years of age or to permit a person under 19 years of age to consume said beverages on the licensed premises.
On the date of the accident in question, the age of majority was eighteen and the lawful drinking age was nineteen. Appellee contends that because the appellant was eighteen at the time of the accident, and therefore no longer a minor, appellant was not a member of the particular class of persons that, due to an inability to protect themselves, the statute was enacted to protect. We disagree. It is true that prior decisions have construed this statute's predecessor as one that was enacted for the protection of minors. See, e.g., Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967). At the time of those decisions, however, the age of minority was the same as the unlawful drinking age. In 1980 the Florida legislature amended section 562.11 to delete the word minor and substitute the phrase "persons under the age of nineteen" so that the statute now prohibits the selling, giving, or serving of alcoholic beverages to persons under nineteen years of age. During the same session, section 743.07, Florida Statutes (Supp. 1980), which had removed the disability of nonage from eighteen year olds, was amended to provide "and except as otherwise provided in the beverage law."
We must assume that when the legislature enacted section 562.11, it was acquainted with judicial decisions on the subject, including Prevatt. Migliore. Moreover, when the language of a statute is clear and not unreasonable or illogical in its operation, the court may not go outside the statute to give it a different meaning. In Re Levy's Estate, 141 So.2d 803 (Fla. 2d DCA 1962). In view of the plain language of the statute and the legislature's deliberate selection of words, we conclude that section 562.11 provides protection not only to minors but to all persons under the lawful drinking age.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and OTT, J., concur.