SCHEB, Judge.
The county court certified the following question to this court as one of great public importance:
DOES A COUNTY COURT JUDGE HAVE THE POWER AND DISCRETION TO INCARCERATE A MINOR FOR A VIOLATION OF SECTION 316.-1935, FLORIDA STATUTES?
We accepted jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(A) and 9.160.
The appellant, J.R.S., a minor, was convicted in county court of the' offense of fleeing or attempting to elude a police officer, a violation of section 316.1935, Florida Statutes (1983). The judge placed appellant on probation and, as a special condition, ordered him to serve five consecutive weekends in the county jail. The local sheriff’s department refused to admit appellant to jail without an order of commitment from the circuit court. The jurisdiction of the circuit court was not invoked, and thereafter, the county court judge stayed imposition of the portion of appellant’s probation requiring time to be served in county jail pending this review.
J.R.S. appeals the final order imposing incarceration as a condition of probation, focusing his argument on the issues raised by the county court’s certified question.
This matter requires us to interpret sections 316.1935 and 316.655(4), Florida Statutes (1983), as they pertain to juveniles convicted of criminal traffic offenses. The issue appears to be one of first impression.
Section 316.1935 provides that “any person” found to have violated that provision “shall, upon conviction, be punished by imprisonment in the county jail for a period not to exceed 1 year, or by fine not to exceed $1,000, or by both such fine and imprisonment.” The county court has jurisdiction over minors charged with violating section 316.1935, a non-felony criminal traffic offense. § 316.635, Fla.Stat. (1983).
Section 316.655(4), Florida Statutes (1983), states that “any person convicted of a violation of...s. 316.1935 ... shall be punished as specifically provided in that section.” The statute also provides that:
If the court finds that a minor committed the offense, the court may impose one or more of the following sanctions in lieu o/the sanctions provided under such section;
(a) The court may reprimand or counsel the minor and his parents or guardian.
(b) The court may suspend or revoke the minor’s privilege to drive under stated conditions and limitations for a period not to exceed that authorized for a like suspension or revocation of an adult’s license for a like offense.
(c) The court may order the minor to attend, for a reasonable period, a traffic school conducted by a public authority.
(d) The court may order the minor to remit to the general fund of the local governmental body a sum not exceeding the maximum fine applicable to an adult for a like offense.
(e) The court may order the minor to participate in public service or a community work project for a minimum number of hours. A minor who participates in such a work program shall be considered an employee of the state for the purposes of chapter 440.
(f) The court may impose a curfew or other restriction on the liberty of the minor for a period not to exceed 6 months. *836 However, under no circumstances shall a minor be placed in the same cell as an adult. The receiving facility shall have adequate staff to supervise and monitor the minor’s activities at all times. Nothing in this paragraph shall prohibit the placing of two or more minors in the same cell.
§ 316.655(4), Fla.Stat. (1983) (emphasis added).
Appellant concedes that, under a literal reading of sections 316.1935 and 316.655, a county court judge has the authority to incarcerate a minor for a violation of section 316.1935. He argues, nevertheless, that a literal reading of these statutes is contrary to the legislative intent of providing juvenile sanctions, such as detention in juvenile facilities or curfew for juvenile offenders. Appellant points to the philosophy of Florida’s Juvenile Justice Act, Chapter 39, Florida Statutes (1983), which is rehabilitative, rather than retributive or punitive.
Appellant’s argument is based on an asserted right to the benefits of Florida’s juvenile justice system. We reject this argument because, as noted by our supreme court in State v. Cain, 381 So.2d 1361 (Fla.1980), under the Florida Constitution, when authorized by law, a “child” may be charged with a violation of law as an act of delinquency instead of a crime. Art. I, § 15(b), Fla. Const. “Therefore, a child has the right to be treated as a juvenile delinquent only to the extent provided by our legislature.” Cain, 381 So.2d at 1363. See also Lisak v. State, 433 So.2d 487 (Fla.1983); State v. G.D.M., 394 So.2d 1017 (Fla.1981); Hayes v. State, 425 So.2d 634 (Fla. 2d DCA 1983).
Recognizing that the legislature has the final word in this matter, appellant urges us to examine the history behind the statutes and find a legislative intent to protect juveniles convicted of criminal traffic offenses. We find, however, that we need not look behind the express language of sections 316.1935 and 316.655(4) to determine legislative intent.
It is well-established that statutory law is to be interpreted in light of express legislative intent. See First Sarasota Service Corp. v. Miller, 450 So.2d 875 (Fla. 2d DCA 1984). Of course, that intent is determined primarily from the language of the statute, and where, as here, the language is clear and unambiguous, we need look no further than the statute itself. Reino v. State, 352 So.2d 853, 860 (Fla.1977). See also Nash v. Ft. Lauderdale Board of Adjustment, 462 So.2d 88 (Fla. 4th DCA 1985); Puglia v. Drinks on the Beach, 457 So.2d 519 (Fla. 2d DCA 1984).
The Florida Legislature has expressly provided that a judge has discretion to either impose the alternate sanctions of section 316.655(4) or order a prison sentence in county jail for up to one year under section 316.1935. Accordingly, the county court judge in the instant case was authorized to require appellant to serve the jail sentence imposed under section 316.1935.
We, therefore, answer the certified question in the affirmative and affirm the county court’s order of probation including the special condition that appellant serve five weekends in the county jail.
RYDER, C.J., and GRIMES, J., concur.