## ROBINSON v STATE OF FLORIDA
## Case No. AP87-51 (County Court Case No. TO87-32687

Ninth Judicial Circuit, Orange County

September 29, 1988

### APPEARANCES OF COUNSEL

**David Best,** for appellant.

**Linda Baldree,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

Appellant, MARK D. ROBINSON, appeals his Judgment and Sentence finding Robinson guilty of Failure to use a Designated Lane and the requirement to attend DUI Counter-Attack School. Issues on appeal are: whether trial judge erred in rejecting the testimony of Robinson and accepting the testimony of the arresting officer and whether trial judge exceeded his discretion in ordering Robinson to complete DUI Counter-Attack School. The Court finds that Robinson has failed to establish any error and the trial court's Judge and Sentence is affirmed.

The arresting officer testified that while working undercover, Robin-

son was observed traveling in the right or outside lane of a four lane highway, known as South Orange Blossom Trail. Robinson was waving at the occupants of a car in the inside lane. In the process of waving, Robinson's vehicle crossed over into the inside lane with both left wheels one foot over the lane divider. His actions caused the inside car to make an evasive movement to the left to avoid an accident. Robinson denied crossing any line and stated that there was no inside car and he did not wave.

The officer at first could not remember informing Robinson of the traffic infraction but later admitted that he must have done so in the process of arresting Robinson for other charges which were later dismissed. Robinson denied being notified until he was in jail. Robinson claimed that this traffic charged was filed later because first charges were dismissed. The trial judge made findings on the record:

"Well, it seems like we have two sides to this story. Without making it a long and involved ruling, I have to weigh the credibility of the witness and those that were in a place to see the things - see and know the things about which they testified, whether they had anything to gain or lose by the testimony. And I find the officer's testimony, frankly, to be more credible. And it doesn't matter to me why he wrote the ticket, I'm only concerned as to whether or not that event occurred."

A trial judge may accept the testimony of one witness and reject the testimony of another witness consistent with reason and truth. The finder of fact, be it judge or jury, is entitled to make a determination as to which witness is telling the truth and which witness is stating a falsehood or is simply mistaken. The trial judge's decision will not be disturbed on appeal unless the evidence does not support the trial court findings. *Atlantic Marine, Inc. v Bruce,* 561 F.2d 898 (1981); *Chaney v State of Tennessee,* Tenn. Cr. App. (West 3889) 1988; *Royster v W.C.A.B.,* 518 A.2d 331 (1986).

The second point on appeal whether trial judge exceeded its discretion in ordering Robinson to complete DUI Counter-Attack School. The trial judge has discretion to select sentencing alternatives. *J.R.S. v State* 483 So.2d 834 (2d DCA 1986). The statute reflects no prohibition or criteria for choosing which school is to be selected by trial judge between Driver Improvement School or Student Traffic Safety Council School or DWI Counter-Attack School. Robinson has failed to show an abuse of discretion since record reflects alcohol use by Robinson.

THE JUDGMENT AND SENTENCE IS AFFIRMED.