712 So.2d 1157 (1998)
Patrick Moore HECKARD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03680.
District Court of Appeal of Florida, Second District.
June 12, 1998.
*1158 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Patrick Moore Heckard challenges the denial of his petition for writ of prohibition wherein he contested the jurisdiction of the county court. We agree that proper jurisdiction resided in the circuit court and reverse.
Heckard was charged with felony DUI and misdemeanor driving while license suspended. Because the charges were filed in separate informations, jurisdiction for the felony count resided in the circuit court and jurisdiction for the misdemeanor resided in the county court. Heckard appeared in the circuit court and moved to consolidate the two charges in the circuit court. The trial court conditionally permitted the consolidation, subject to the consent of the county court, accepted Heckard's guilty pleas, and sentenced him on both charges.
Thereafter, Heckard filed a motion in county court to dismiss the misdemeanor charge, citing the ruling by the circuit court and double jeopardy. The county court refused to relinquish jurisdiction. In response, Heckard sought a writ from the circuit court, acting in its appellate capacity over county court decisions, to prohibit the county court from imposing a sentence in addition to the sentence imposed by the circuit court. This appeal followed after the denial of relief by the circuit court.
The circuit court's jurisdiction over both the felony and the misdemeanor charges, which arose out of the same incident, is clear. See §§ 26.012(2)(d), 34.01(1)(a), Fla. Stat. (1997). Consent by the county court was not a prerequisite to the circuit court exercising its jurisdiction. Once Heckard's motion to consolidate was acted on, the county court was divested of jurisdiction and the circuit court could properly address the pending charges. State v. Coble, 704 So.2d 197 (Fla. 4th DCA 1998).
We reverse and reinstate the judgment of the circuit court.
PARKER, C.J., and WHATLEY, J., concur.