743 So.2d 165 (1999)
Ronald W. LEDLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0499.
District Court of Appeal of Florida, Fourth District.
October 20, 1999.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Ronald W. Ledlow, the appellant, pled nolo contendere to misdemeanor DUI (count I) and to felony driving with a suspended license (count II). Ledlow was sentenced to 21.4 months incarceration for count II and to thirty days in the county jail and 11 months probation for count I. Ledlow was given credit for 152 days time served on both counts. On appeal, Ledlow challenges both his convictions and the sentence imposed for count I. We affirm the convictions but reverse the sentence for count I since it appears to exceed the one-year statutory maximum.

Circuit Court's Jurisdiction
Circuit courts have exclusive jurisdiction "[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged." § 26.012(2)(d), Fla. Stat. (Supp.1998). Since count I clearly charged a misdemeanor, in order for the circuit court to have jurisdiction over Ledlow's crimes, count II must charge a felony.
In the instant case, count II of the information charged that Ledlow drove with a suspended license "after having previously been convicted on two or more occasions of driving while his/her license was suspended." Florida Statutes section 322.34 prohibits knowingly driving with a suspended license and provides in relevant part that upon "[a] third or subsequent conviction [the offender] is guilty of a felony of the third degree...." § 322.34(2)(c), Fla. Stat. (Supp.1998). In his first point on appeal, Ledlow contends that the trial court lacked subject matter jurisdiction because driving with a suspended license *166 does not become a felony until after the third conviction. We reject Ledlow's claim regarding the circuit court's subject matter jurisdiction on the authority of State v. Swartz, 734 So.2d 448, 449 (Fla. 4th DCA 1999)(citing Harbaugh v. State, 711 So.2d 77 (Fla. 4th DCA 1998)), which involved a similar claim, albeit in the context of the statute making the fourth conviction for DUI a felony offense.

Illegal Sentence
Ledlow's contention that his sentence as to count I is illegal and exceeds the statutory maximum, however, has merita point the State has conceded. For count I, the record reflects the following sentence: "CT. I. 30 Days CJ, 152 CTS, 11 Mos. Probation. Consecutive to Jail CT I. Concurrent Probation CT I." We, therefore, reverse the sentence imposed for count I and remand for resentencing. On remand, the sentence imposed for count I may not exceed the maximum set forth in sections 316.193(2)(a) and (6)(a), Florida Statutes (Supp.1998).
WARNER, C.J., and STONE, J., concur.