899 So.2d 1280 (2005)
STATE of Florida, Petitioner,
v.
Vincent JONES, Richard Harris and Steven Coleman, Respondents.
Nos. 4D04-4077, 4D04-4079, 4D04-4081.
District Court of Appeal of Florida, Fourth District.
April 27, 2005.
Rehearing Denied April 27, 2005.
Charles J. Crist, Jr. Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for petitioner.
Howard Finkelstein, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for respondent Steven Coleman.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our slip opinion dated March 9, 2005, to consider the brief and motion for rehearing filed on behalf of respondent Coleman. On the merits, we deny rehearing, and issue this corrected opinion to reflect the appearance of counsel for this respondent:
The State of Florida petitioned for writs of prohibition seeking to prevent the Broward County Circuit Court from proceeding with juvenile delinquency actions in three separate cases. The three cases were consolidated for purposes of this appeal.
The three defendants, minors at the time of their offenses, were each charged with driving without a valid license, a violation of section 322.03(1), Florida Statutes (2003). The cases were filed in the traffic division of the county court. The county court, however, granted defense motions to dismiss and transferred the cases to the juvenile division of the circuit court to proceed as delinquency actions. The state argues that the circuit court lacks jurisdiction over misdemeanor juvenile traffic offenses. We agree.
A court which has jurisdiction over traffic violations shall have original jurisdiction in the case of any minor who is alleged to have committed a violation of law or of a county or municipal ordinance pertaining to the operation of a motor vehicle; however, any traffic offense *1281 that is punishable by law as a felony shall be under the jurisdiction of the circuit court.
§ 316.635(1), Fla. Stat. (2003) (emphasis added).
The county court has jurisdiction over traffic violations. See Nettleton v. Doughtie, 373 So.2d 667 (Fla.1979) (explaining that decriminalization of traffic infractions did not remove county court jurisdiction over traffic violations); § 34.01(1)(a), Fla. Stat. (2003) (providing that county courts have jurisdiction over all misdemeanors not cognizable in circuit court).
Section 26.012, Florida Statutes (2003), describes the jurisdiction of the circuit courts and provides that circuit courts have jurisdiction "[i]n all cases in equity including all cases relating to juveniles except traffic offenses as provided in chapters 316 and 985" (emphasis added).
The juveniles in these cases are charged with a violation under chapter 322, driving without a valid license, which relates to the operation of a motor vehicle and is a misdemeanor, not a felony. § 322.39, Fla. Stat. (2003). Under section 316.635(1), the county court has original jurisdiction over the offenses allegedly committed by the three defendants. See also State v. C.B.K., 362 So.2d 354 (Fla. 1st DCA 1978) (holding that a violation of 322.03(1), the statute the defendants in this case are accused of violating, was not an act of delinquency but was a traffic offense triable in the county court traffic division).
We grant the Petition for Writ of Prohibition and quash the orders that transferred the cases against the minors to circuit court.
WARNER, POLEN and HAZOURI, JJ., concur.