GRIFFIN, J.
N.J.G., a seventeen-year-old child [“Appellant”], through counsel, seeks review of a decision of the circuit court denying his petition for writ of prohibition, seeking to preclude the county court of Orange County from exercising jurisdiction over his prosecution for violation of section 316.193 Florida Statutes (2006). Appellant contends that jurisdiction lies exclusively in the juvenile division of the circuit court.
The circuit court, in denying the petition for writ of prohibition, wrote a fine opinion, with which we generally agree. The petitioner mainly suggests that section 985.201, Florida Statutes (2002), and the decision of the Florida Supreme Court in V.K.E. v. State, 934 So.2d 1276 (Fla.2006), have somehow overcome section 26.012 and section 316.635 Florida Statues, as well as case law consistently confirming the jurisdiction of the county court in such cases, including State v. Jones, 899 So.2d 1280 (Fla. 4th DCA 2005); J.R.S. v. State, 483 So.2d 834 (Fla. 2d DCA 1986); Nettleton v. Doughtie, 373 So.2d 667 (Fla.1979). We think it is clear, as the circuit court concluded, that these statutes have not merely been overlooked by the Legislature in its overhaul of the juvenile justice system, but rather, remain vital. We further agree with the circuit court that V.K.E. is of marginal relevance to this case and, to the extent it is relevant, it reinforces the notion that such express legislative enactments as section 316.635 and 26.012 be enforced according to their terms. As is often the case, the various statutory provisions involved here are inconsistent and disorganized, which makes petitioner’s argument possible. Counsel for petitioner has presented the argument well. Nevertheless, for the reasons explained by the circuit court and from our own review of the pertinent legislation and its history, we reject petitioner’s argument that, in enacting section 985.201, the legislature intended that jurisdiction over offenses in chapter 316, such as 316.193, be moved to the juvenile division of the circuit court. See § 318.143 Fla. Stat. (2006).
AFFIRMED.
PALMER, C.J. and SAWAYA, J., concur.