16 So.3d 305 (2009)
STATE of Florida, Appellant,
v.
W.W., a Child, Appellee.
No. 5D09-321.
District Court of Appeal of Florida, Fifth District.
August 28, 2009.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Frank W. Scott, Assistant Public Defender, Daytona Beach, for Appellee.
EVANDER, J.
W.W. was charged in a three-count petition for delinquency with leaving the scene of an accident with injuries,[1] driving under the influence (DUI),[2] and carrying a concealed weapon.[3] He moved to dismiss the DUI count, contending that the circuit court lacked jurisdiction over a juvenile charged with a misdemeanor traffic offense. The circuit court agreed and dismissed the count without prejudice to the State to re-file in the county court. We have jurisdiction[4] and reverse the trial court's order of dismissal. We conclude that where a juvenile is charged with both a felony and a misdemeanor traffic offense, and the charges arise out of the same *306 circumstances, jurisdiction lies with the circuit court.
W.W. argued below that our decision in N.J.G. v. State, 987 So.2d 101 (Fla. 5th DCA 2008) required that the DUI count be transferred to county court. In N.J.G., we determined that where a juvenile is charged with a misdemeanor traffic offense only, jurisdiction lies with the county court. Our decision was based primarily on section 316.635(1).[5] That statute provides:
A court which has jurisdiction over traffic violations shall have original jurisdiction in the case of any minor who is alleged to have committed a violation of law or of a county or municipal ordinance pertaining to the operation of a motor vehicle; however, any traffic offense that is punishable by law as a felony shall be under the jurisdiction of the circuit court.
The instant case is readily distinguishable from N.J.G. because W.W. was charged with both a felony and a misdemeanor traffic offense. Furthermore, it is undisputed that the two charges arose from the same circumstances. Specifically, W.W. was alleged to have been driving a motor vehicle while impaired when he lost control of the car, resulting in a single vehicle rollover crash. W.W. was then alleged to have fled the scene of the crash although he knew or should have known that one of his passengers had suffered personal injuries.
We believe that section 26.012(2)(d) controls the resolution of this case. That section provides that circuit courts shall have exclusive original jurisdiction "[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged." The obvious intent of this statute is to provide for a single forum to try two or more criminal offenses when those offenses arise from the same circumstances. By doing so, section 26.012(2)(d) promotes judicial efficiency and reduces the likelihood of inconsistent results. Consider for example the lack of judicial economy and the potential for inconsistent judgments if W.W.'s two traffic offenses were tried separately before two different fact finders and his primary defense in both cases was that he was not the driver.
Florida courts have recognized that the circuit court has jurisdiction where the State charges an adult, in a single information, with both a felony and a misdemeanor traffic offense and the charges arise out of the same circumstances. See Ledlow v. State, 743 So.2d 165 (Fla. 4th DCA 1999) (circuit court had jurisdiction over misdemeanor DUI offense where defendant was also charged with felony driving with suspended license); Heckard v. State, 712 So.2d 1157 (Fla. 2d DCA 1998) (circuit court had jurisdiction over misdemeanor driving with suspended license charge where defendant was also charged with felony DUI).
W.W. argues that section 26.012(2)(c) mandates a different result where the individual charged is a juvenile.[6] We disagree. That section provides that a circuit court does not have exclusive original jurisdiction *307 when a juvenile is charged with a misdemeanor traffic offense. It does not preclude the circuit court from exercising jurisdiction where, as in the present case, another statute (section 26.012(2)(d)) specifically provides for circuit court jurisdiction.
REVERSED and REMANDED.
MONACO, C.J., concurs.
COHEN, J., dissents with opinion.
COHEN, J., dissenting.
In my view, the trial court correctly dismissed the driving under the influence count, finding the county court had jurisdiction over that offense. As Judge Griffin observed in N.J.G. v. State, 987 So.2d 101 (Fla. 5th DCA 2008), the various statutory provisions implicated in this case are inconsistent and disorganized. It is incumbent upon us to discern the legislative intent.
The majority correctly set forth the statutory provisions involved. Section 316.635(1), Florida Statutes, vests jurisdiction in the county court over misdemeanor traffic offenses, despite the general provisions of section 985.0301(1), which would otherwise have provided for jurisdiction in the juvenile division of the circuit court. Thus, by enacting a specific statute carving out misdemeanor traffic offenses, the Legislature evinced an intent that juveniles who operate a motor vehicle and commit misdemeanor traffic offenses are not entitled to the benefits of juvenile treatment.[1] There are obvious reasons for such a policy. Driving an automobile is an inherently dangerous act which potentially endangers the public. Add the consumption of alcohol or drugs, and the danger increases exponentially.[2]
In reversing the trial court, the majority finds section 26.012(2)(d) controlling. That section sets forth the general rule that the circuit court has exclusive original jurisdiction of all misdemeanors arising out of the same circumstances as a charged felony. Although the Legislature has used the term "exclusive," section 26.012(2)(d) is general in nature, and speaks to the broad range of misdemeanors. Conversely, section 316.635(1) addresses a specific class of misdemeanors. When addressing conflicting statutes the specific statute controls the general statute. Palm Beach County Canvassing Bd. v. Harris, 772 So.2d 1273, 1287 (Fla.2000).
It seems apparent that the intent of the Legislature was to exempt chapter 316 misdemeanor traffic violations from the benefits of juvenile court. This is further evidenced by the prohibition, within section 316.656(1), of withholding adjudication upon conviction for driving under the influence. State v. Rowell, 669 So.2d 1089 (Fla. 2d DCA 1996). This provision would be inapplicable if the DUI were prosecuted in juvenile court because W.W. would not be convicted of DUI, but rather only adjudicated guilty of a delinquent act. Further, should W.W. be convicted of DUI upon becoming an adult, the earlier DUI could not be used for enhancement purposes. See State v. J.M., 824 So.2d 105 (Fla.2002).
*308 The practical effect of the majority's ruling is that a juvenile being arrested for a DUI would avoid adult sanctions by committing a felony such as high speed flight to avoid arrest, battery upon the investigating officer, resisting with violence, or, as in this case, leaving the scene of an accident with injuries. Surely this is not what the Legislature intended.
NOTES
[1] § 316.027(1)(a), Fla. Stat. (2008).
[2] § 316.193, Fla. Stat. (2008).
[3] § 790.01(1), Fla. Stat. (2008).
[4] Fla. R.App. P. 9.145(c)(1)(A).
[5] In N.J.G., we recognized that section 316.635(1) appeared to be in conflict with section 985.201 (since renumbered as section 985.0301(1)), which provided that a circuit court shall have "exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law."
[6] Section 26.012(2)(c) provides:

(2) [Circuit courts] shall have exclusive original jurisdiction:
(c) In all cases in equity including all cases relating to juveniles except traffic offenses as provided in chapters 316 and 985.
[1] Under the statutory scheme, a juvenile's felony violation of chapter 316 would be handled in juvenile court as a delinquent act unless the prosecuting authority elected to treat the juvenile as an adult.
[2] Interestingly, the procedural history of this case reflects that the State, most likely concerned primarily about possible inconvenience to potential witnesses and perhaps judicial economy, chose to file both charges in juvenile court. Defense counsel moved to sever the driving under the influence charge for reasons that are unclear. I recognize that other defense attorneys might prefer avoiding adult sanctions for their juvenile clients, even for misdemeanor traffic offenses.