EVANDER, J.
W.W. was charged in a three-count petition for delinquency with leaving the scene of an accident with injuries,[1] driving under the influence (DUI),[2] and carrying a concealed weapon.[3] He moved to dismiss the DUI count, contending that the circuit court lacked jurisdiction over a juvenile charged with a misdemeanor traffic offense. The circuit court agreed and dismissed the count without prejudice to the State to re-file in the county court. We have jurisdiction[4] and reverse the trial court’s order of dismissal. We conclude that where a juvenile is charged with both a felony and a misdemeanor traffic offense, and the charges arise out of the same *306 circumstances, jurisdiction lies with the circuit court.
W.W. argued below that our decision in N.J.G. v. State, 987 So.2d 101 (Fla. 5th DCA 2008) required that the DUI count be transferred to county court. In N.J.G., we determined that where a juvenile is charged with a misdemeanor traffic offense only, jurisdiction lies with the county court. Our decision was based primarily on section 316.635(1).[5] That statute provides:
A court which has jurisdiction over traffic violations shall have original jurisdiction in the case of any minor who is alleged to have committed a violation of law or of a county or municipal ordinance pertaining to the operation of a motor vehicle; however, any traffic offense that is punishable by law as a felony shall be under the jurisdiction of the circuit court.
The instant case is readily distinguishable from N.J.G. because W.W. was charged with both a felony and a misdemeanor traffic offense. Furthermore, it is undisputed that the two charges arose from the same circumstances. Specifically, W.W. was alleged to have been driving a motor vehicle while impaired when he lost control of the car, resulting in a single vehicle rollover crash. W.W. was then alleged to have fled the scene of the crash although he knew or should have known that one of his passengers had suffered personal injuries.
We believe that section 26.012(2)(d) controls the resolution of this case. That section provides that circuit courts shall have exclusive original jurisdiction “[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged.” The obvious intent of this statute is to provide for a single forum to try two or more criminal offenses when those offenses arise from the same circumstances. By doing so, section 26.012(2)(d) promotes judicial efficiency and reduces the likelihood of inconsistent results. Consider for example the lack of judicial economy and the potential for inconsistent judgments if W.W.’s two traffic offenses were tried separately before two different fact finders and his primary defense in both cases was that he was not the driver.
Florida courts have recognized that the circuit court has jurisdiction where the State charges an adult, in a single information, with both a felony and a misdemeanor traffic offense and the charges arise out of the same circumstances. See Ledlow v. State, 743 So.2d 165 (Fla. 4th DCA 1999) (circuit court had jurisdiction over misdemeanor DUI offense where defendant was also charged with felony driving with suspended license); Heckard v. State, 712 So.2d 1157 (Fla. 2d DCA 1998) (circuit court had jurisdiction over misdemeanor driving with suspended license charge where defendant was also charged with felony DUI).
W.W. argues that section 26.012(2)(c) mandates a different result where the individual charged is a juvenile.[6] We disagree. That section provides that a circuit court does not have exclusive original ju- *307 risdietion when a juvenile is charged with a misdemeanor traffic offense. It does not preclude the circuit court from exercising jurisdiction where, as in the present case, another statute (section 26.012(2)(d)) specifically provides for circuit court jurisdiction.
REVERSED and REMANDED.
MONACO, C.J., concurs.
COHEN, J., dissents with opinion.

. § 316.027(l)(a), Fla. Stat. (2008).

. § 316.193, Fla. Stat. (2008).

. § 790.01(1), Fla. Stat. (2008).

. Fla. R.App. P. 9.145(c)(1)(A).

. In N.J.G., we recognized that section 316.635(1) appeared to be in conflict with section 985.201 (since renumbered as section 985.0301(1)), which provided that a circuit court shall have "exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law.”

. Section 26.012(2)(c) provides:
(2) [Circuit courts] shall have exclusive original jurisdiction:
(c) In all cases in equity including all cases relating to juveniles except traffic offenses as provided in chapters 316 and 985.