COHEN, J.,
dissenting.
In my view, the trial court correctly dismissed the driving under the influence count, finding the county court had jurisdiction over that offense. As Judge Griffin observed in N.J.G. v. State, 987 So.2d 101 (Fla. 5th DCA 2008), the various statutory provisions implicated in this case are inconsistent and disorganized. It is incumbent upon us to discern the legislative intent.
The majority correctly set forth the statutory provisions involved. Section 316.635(1), Florida Statutes, vests jurisdiction in the county court over misdemeanor traffic offenses, despite the general provisions of section 985.0301(1), which would otherwise have provided for jurisdiction in the juvenile division of the circuit court. Thus, by enacting a specific statute carving out misdemeanor traffic offenses, the Legislature evinced an intent that juveniles who operate a motor vehicle and commit misdemeanor traffic offenses are not entitled to the benefits of juvenile treatment.[1] There are obvious reasons for such a policy. Driving an automobile is an inherently dangerous act which potentially endangers the public. Add the consumption of alcohol or drugs, and the danger increases exponentially.[2]
In reversing the trial court, the majority finds section 26.012(2)(d) controlling. That section sets forth the general rule that the circuit court has exclusive original jurisdiction of all misdemeanors arising out of the same circumstances as a charged felony. Although the Legislature has used the term “exclusive,” section 26.012(2)(d) is general in nature, and speaks to the broad range of misdemeanors. Conversely, section 316.635(1) addresses a specific class of misdemeanors. When addressing conflicting statutes the specific statute controls the general statute. Palm Beach County Canvassing Bd. v. Harris, 772 So.2d 1273, 1287 (Fla.2000).
It seems apparent that the intent of the Legislature was to exempt chapter 316 misdemeanor traffic violations from the benefits of juvenile court. This is further evidenced by the prohibition, within section 316.656(1), of withholding adjudication upon conviction for driving under the influence. State v. Rowell, 669 So.2d 1089 (Fla. 2d DCA 1996). This provision would be inapplicable if the DUI were prosecuted in juvenile court because W.W. would not be convicted of DUI, but rather only adjudicated guilty of a delinquent act. Further, should W.W. be convicted of DUI upon becoming an adult, the earlier DUI could not be used for enhancement purposes. See State v. J.M., 824 So.2d 105 (Fla.2002).
*308 The practical effect of the majority’s ruling is that a juvenile being arrested for a DUI would avoid adult sanctions by committing a felony such as high speed flight to avoid arrest, battery upon the investigating officer, resisting with violence, or, as in this case, leaving the scene of an accident with injuries. Surely this is not what the Legislature intended.

. Under the statutory scheme, a juvenile's felony violation of chapter 316 would be handled in juvenile court as a delinquent act unless the prosecuting authority elected to treat the juvenile as an adult.

. Interestingly, the procedural history of this case reflects that the State, most likely concerned primarily about possible inconvenience to potential witnesses and perhaps judicial economy, chose to file both charges in juvenile court. Defense counsel moved to sever the driving under the influence charge for reasons that are unclear. I recognize that other defense attorneys might prefer avoiding adult sanctions for their juvenile clients, even for misdemeanor traffic offenses.