SUAREZ, J.
AJH Property Investments Ltd., Ivor Barwin, Peter Bishton, Reena Bishton, Paul Briggs, Catherine Briggs, Shoshana Carson, Stephen Carson, Timothy Davis, Jacquelin Davis, Annette Di Cienzo, Mario Di Cienzo, Michael Di Cienzo, Jonathan Eastwood, Ezequiel Fagetti, James Hanson, Andrea Salmon, James Salmon, Brian Lee Southern, and Leon Woods (“Appellants”), appeal a final summary judgment in favor of SunTrust Bank (“SunTrust”). We reverse the final summary judgment to allow the trial court to resolve genuine issues of material fact which remain to be determined.
In 2006 and 2007, Appellants purchased yet-to-be constructed condominium units in the Hollywood Grande, a condominium resort hotel, being developed by Hollywood Grande, LLC. Appellants deposited with the escrow agent, SunTrust, twenty percent (20%) of the units’ purchase price, including funds for furniture packages. The terms of the escrow agreement governing SunTrust’s obligations as escrow agent appeared- in paragraph 5.4 of the escrow agreement between SunTrust and the developer, Hollywood Grande, LLC, which stated:
5.4 Deposits in Excess of Ten Percent. The portion of any Deposit in excess of ten percent (10%) of the sales price of a Unit shall be held in a special escrow account. If the Contract of any Buyer so provides, upon written request to Escrow Agent by Developer, accompanied by a statement that the construction of improvements has begun, Escrow Agent shall pay out of the special escrow account to Developer any Deposits in excess of ten (10%) of the sales price set forth in any Contract.
Escrow Agent will not be responsible as to the proper application of any funds *950 released to Developer pursuant to this provision. Any request by Developer for disbursement of any escrowed funds pursuant hereto shall be accompanied by a written statement of Developer stating the following: (i) that construction has begun on the Condominium in which the Unit is located and (ii) that all funds released to Developer will be used solely for construction and development purposes. With respect to such funds, Escrow Agent will not be responsible as to the proper application of same by Developer, and Developer agrees to indemnify and hold Escrow Agent harmless from any and all liabilities which may be incurred by Escrow Agent, including attorneys’ fees, in connection with the disbursement of such funds to Developer.
The developer secured a two million dollar surety bond which was delivered to SunTrust. SunTrust then delivered to the developer the first ten percent (10%) of the purchase price deposits being held in escrow. From time to time thereafter the developer requested and SunTrust delivered monies from the excess ten percent (10%) deposits being held in escrow.
In 2008, the project was cancelled and the developer declared bankruptcy. Appellants requested the return of its deposit and received a refund equivalent to the first ten percent (10%) of its deposit pursuant to the two million dollar surety bond posted by Hollywood Grande, LLC. The remaining deposit funds were disbursed by SunTrust to the developer prior to cancellation of the project. On February 28, 2010, Appellants filed suit against Sun-Trust, seeking to recover the remainder of its deposit and damages on grounds of breach of fiduciary duty, negligence, and equitable accounting. SunTrust moved for summary judgment claiming that, pursuant to the escrow agreement, it was entitled to disburse the deposits in excess of ten percent (10%) of the purchase price upon written request of the developer, and, because it had complied with that requirement, it could not be held responsible for the disbursements. The trial court granted summary judgment in favor of Sun-Trust, and this appeal follows.
Appellants argue on appeal that the record reveals genuine issues of material fact which would prevent the granting of summary judgment on the issue of whether SunTrust’s disbursements under the agreement were proper. We agree and reverse.
We review the final summary judgment entered below de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000); Daneri v. BCRE Brickell, LLC, 79 So.3d 91 (Fla. 3d DCA 2012). In reviewing a final summary judgment, this Court must consider the evidence in the record, including any supporting affidavits or documents, in the light most favorable to the non-moving party. Daneri, 79 So.3d 91, 93.
Under the terms of the escrow agreement, a written request to the escrow agent by the developer, accompanied by a statement that the construction of improvements had begun on the condominium unit, was a precondition for the escrow agent to pay out of the escrow funds in excess of ten percent (10%) of the purchase price of the contract. The escrow agreement specifically states that the request by the developer for disbursement of escrowed funds “shall [have been] accompanied by a written statement from the developer stating that construction had begun on the unit and that all funds released would be used solely for construction and development purposes.” Paragraph 5.4 further states that the escrow agent will not be responsible for the developer’s use of the released funds as long as the escrow agent releases the funds to the developer *951 “pursuant to this provision.” Therefore, only upon meeting the specific pre-condition requirements could SunTrust not be liable for the disbursements.
All parties admit the requests for draws in excess of ten percent (10%) of the purchase price by the developer did not include the required language of paragraph 5.4 of the agreement that construction had begun and that the released funds would be used for construction and development purposes. The argument of SunTrust, as presented below and on appeal, is that it did not have to comply because the developer had provided supporting documents, such as contracts, bills, or work orders, along with the requests for disbursement in excess of ten-percent (10%) and, therefore, by showing SunTrust that the money would be used for construction, the developer met the precondition to supply a statement that construction of improvements had begun. The problem is that this contention, when presented at summary judgment, was only an argument presented by counsel for SunTrust. The supporting documents alluded to were never of record before the trial court on summary judgment. Thus, the trial court never had the opportunity, based upon record evidence and not merely purported evidence, to determine whether there was a material breach of the escrow agreement or whether SunTrust had substantially complied.[1] Based upon the absence of record evidence that would support the argument of SunTrust, we find that summary judgment was not proper as SunTrust did not prove compliance with the terms of the escrow agreement.
We therefore reverse the summary judgment on grounds that genuine issues of material fact remain as to whether Sun-Trust had properly disbursed funds in excess of ten percent (10%) of the purchase price according to the terms of the escrow agreement.[2] See Daneri, 79 So.3d 91, 93 (holding that a genuine issue of material fact existed as to whether a condominium developer receiving a deposit of twenty percent (20%) of purchase price violated statute limiting use of money placed in escrow to protect purchasers under pre-construction contracts); First Sarasota Serv. Corp. v. Miller, 450 So.2d 875 (Fla. 2d DCA 1984) (reversing summary judgment as to duties under escrow agreement where question existed whether escrow agent disbursed deposit funds to developer in proper manner).
Reversed and remanded.

. A genuine issue of material fact remains on whether the argument of SunTrust, that it never received furniture deposits and therefore is not liable under the escrow agreement, relieves it of its duty, under the agreement, of proper disbursement.

. We choose not to address or make findings as to whether or not the production of the documents by SunTrust would amount to substantial compliance with the escrow pre-con-dition requirement or whether such production would be sufficient to comply with the terms of paragraph of 5.4.