PER CURIAM.
This case involves a dispute over the construction and sale of a condominium unit. Appellants, Dale and Pamela Jackson (the “Jacksons”), appeal the trial court’s entry of summary judgment in favor of Appellee, The Palms at Perdido (“The Palms”) on their claims for breach of contract and violations of section 718.202, Florida Statutes. We affirm the trial court’s disposition of the Jacksons’ contract claims, but reverse as to the statutory claims.
The Jacksons assert that The Palms violated section 718.202, Florida Statutes, which governs the use and protection of funds deposited for the sale of condominium parcels thus rendering the contract voidable, entitling the Jacksons to return of their escrow deposit. First Sarasota Serv. Corp. v. Miller, 450 So.2d 875, 878 (Fla. 2d DCA 1984) (“The obvious purpose of section 718.202 is to protect purchasers under preconstruction condominium contracts from loss of their deposits should the developer fail to perform its contractual obligations.”). Their second amended complaint alleges that The Palms violated the statute through unlawful reimbursement of personal expenditures and withdrawal and use of interest earned on the escrow funds. Though not entirely clear, these allegations may support pre-repudiation violations on the part of The Palms. This factual issue precludes summary judgment on the Jacksons’ statutory claim.
We note that section 718.202 does not make clear how courts are to handle situations where a seller commits a statutory violation and a buyer later wrongfully repudiates the contract. No case is directly on point, but the general view seems to support the conclusion that pre-repudiation violations remain actionable. See Kaufman v. Swire Pac. Holdings, Inc., 836 F.Supp.2d 1320, 1327 (S.D.Fla.2011) (rejecting argument that purchaser cannot pursue statutory claim, despite refusing to close on unit, where statutory violation predated closing date); Daneri v. BCRE Brickell, LLC, 79 So.3d 91, 95 (Fla. 3d DCA 2012) (reversing entry of summary judgment on section 718.202 claim where question of default timing was disputed). We agree with this approach and hold that the Jacksons did not lose the ability to bring claims under the statute merely because of their subsequent repudiation, and the trial court erred in granting summary judgment as to the statutory claims.
At this point in the litigation, each party has obtained some relief in this Court; thus, both are a “prevailing party” for purposes of the reciprocal attorneys’ fee provision of their contract. Each is thus entitled to a portion of their respective appellate fees. See Great Sw. Fire Ins. Co. v. DeWitt, 458 So.2d 398, 400 (Fla. 1st DCA 1984); Philip J. Padovano, Florida Appellate Practice 439-40 (2011 ed.)
We therefore REMAND to the trial court to allow the Jacksons to pursue then-statutory claims to the extent they arise from actions that occurred prior to the June 12, 2007 repudiation, and for the trial court to fashion an appropriate appellate fee award upon the resolution of the statutory claims.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WETHERELL and MAKAR, JJ., and WALLACE, WADDELL, Associate Judge, concur.